On November 1st, 1926, bill was filed. Answer was filed on November 18th, 1926; no further action was taken until February 19th, 1928, when defendants filed petition to dismiss bill for failure to prosecute. This petition came on for hearing with the result that on March 6th, 1928, an order was advised that the motion to dismiss be denied, upon the condition that within ten days from said date the complainants should *Page 471 
file necessary pleadings, and within fifteen days obtain an order of reference, all of which was done with the result that hearing was had on October 4th. Request was made for opportunity to file briefs, which was granted, and each party has submitted briefs.
On the 1st day of September, 1926, an agreement was entered into between the defendant company and the petitioner for the exchange of certain properties in Atlantic City. The agreement provided for the conveyance by the defendant to the complainant of certain property, and by the complainant to the defendant of certain other property.
The agreement provided:
"That the premises which are to be conveyed by the party of the first part [the defendant], are to be conveyed subject to the following encumbrances:
A mortgage in the amount of $16,000.
Restrictions existing of record.
The said premises which are to be conveyed by the parties of the second part are to be conveyed subject to the following encumbrances."
Three separate mortgages mentioned in detail leasehold interests of the present tenants.
The agreement further provided that the settlement should be made at the South Jersey Title and Finance Company on September 30th, 1926, and "the title to be conveyed is such as the South Jersey Title and Finance Company will insure, subject to its usual exceptions and the conditions above specified."
The first objection made by the defendant is that the officers of the company who executed the agreement were not authorized by the directors to execute it.
The defense cannot prevail; the company acted under this agreement and, by resolution of the board, authorized the execution of the deed to Levy and the delivery of the same to the South Jersey Title and Finance Company, upon the condition that the said deed should not be delivered by said title company to the complainant unless Levy should convey to the defendant his premises free and clear of encumbrances.
The defendants contend that the lands so to be conveyed by the complainants were subject to the rights of the United *Page 472 
States of America to erect, maintain and keep barriers, breakwaters, c., over and upon said lands as recited in a deed of the State of New Jersey by its riparian commissioners to the United States of America by deed dated August 17th, 1878, and recorded in the clerk's office of Atlantic county in book of deeds No. 71, page 580, and by a deed of Lemuel Eldredge et ux., et al., to the United States of America, dated August 16th, 1878, and recorded in the clerk's office aforesaid in book of deeds No. 71, page 585, and that the said South Jersey Title and Finance Company refused to insure the title to said premises, except as being subject to —
"Rights of the United States of America to erect, maintain, and keep barriers, breakwaters and other works to protect and keep the property and buildings of the United States of America as recited in deed — State of New Jersey by its riparian commissioners to the United States of America, dated August 17th, 1878, and recorded in book 71, page 580 — and deed Lemuel Eldredge et ux., et al., to the United States of America, dated August 16th, 1878, and recorded in book 71, page 585," and that said exception is not included in "its usual printed exceptions."
Very briefly the history of said deeds may be stated as follows:
The United States of America holds title to certain land in Atlantic City upon which is erected a lighthouse, life saving station and other buildings. At or before the date of said deeds the waters of the Atlantic ocean flowed closely to and were encroaching upon said lands, and were endangering the safety of the lighthouse and other buildings thereon. In order to protect the lighthouse, said deeds were obtained, and jetties, breakwaters and other barriers were built for such purpose.
Whether by reason of such erections or otherwise, the high water line of the Atlantic ocean, which at the date of the deeds was perilously near the lighthouse, is now many feet, even squares, eastward and oceanward therefrom, and upon the accretions of lands thereby obtained many hotels, apartments, cottages and other structures of substantial nature have been erected. *Page 473 
The contention of the complainant is (1) that as the land now in question is not under water, and the purpose of protecting the lighthouse is effectively taken care of, the said easement or right, in so far as the locus in quo is concerned, has no further existence.
(a) Because the purpose for which it was granted has been accomplished.
(b) By permitting the owners of the property between the lighthouse and the ocean to erect buildings on their premises the easement or right granted to the United States of America has been abandoned.
It is unnecessary to determine whether either of these claims would be sufficient to extinguish the rights of the United States of America or to remove the effects thereof upon the locus inquo in the event of proof sustaining them.
The claim that the purpose for which the rights were granted has been accomplished, has not been sustained. The proof is that the ocean is unrestrained. The waters encroach upon the land in some places and great accretions occur in others.
While it is true that man has learned to a greater or lesser extent how to prevent the erosion, still the method of so doing has been exactly what the government desired to be permitted to do, and what was actually done. Although the jetties built were apparently successful, still there is nothing in the testimony to show that the emergency may not again occur, and necessity arise for the government to again take steps for the protection of the property.
The second claim is as fruitless. It is sufficient to say that the government would have no power to prevent the erection of said buildings if they did not interfere in the government's exercise of the rights granted to it. It is true that the government has not exercised its rights to any great extent if at all for many years, but that failure to exercise these rights has been because there was no necessity so to do. There can be no doubt that the government has the right so to do if that necessity should again arise, and there is no doubt also that the government would again protect its property, if that property became endangered by the cutting away of the land. *Page 474 
It is likewise true that the owners of the land oceanward of the lighthouse, because of the value of the buildings erected thereon, would by their acts prevent the necessity ever again arising for the exercise of such rights.
The powers of the government are insufficient at times to prevent the ravages of flood. A recollection of the floods in the Mississippi valley and the almost futile efforts of the government to control them is sufficient to prevent anyone from believing that the government would be justified in deciding that such work could or should be deputized to the puny strength of individuals.
Neither of said claims, if valid at all, has been proven with that sufficiency that would authorize the court to declare the rights or easements abandoned.
The complainants do not discuss in their brief the effect of that clause in the agreement that "the title to be conveyed is such as the South Jersey Finance Company will insure, subject to their regular printed exceptions, is valid in the absence of fraud. Love v. Fetters, 98 N.J. Law 784.
As in that case there is in this case no claim of fraud.
The complainants' brief argues that the fact that he was to convey by special warranty deed excuses him from any warranty against title paramount.
Assuming that to be true, it is only a further argument and explanation of the reason for the defendants' demand of such insurable title.
The complainant being unable to convey his property in accordance with the terms of the agreement the bill must be dismissed. *Page 475